# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 23-cr-10010-EFM

MARKEECE ANDERSON,

*Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Defendant Markeece Anderson's Motion for Leave to File Out of Time (Docs. 47, 48).[1] Defendant seeks to file a motion for a bill of particulars and asserts several reasons why they should be allowed to file out of time: (1) the Government changed prosecution theories, (2) the length of delay will be short, (3) a bill of particulars "would positively impact judicial proceedings by ensuring the theory of prosecution remains consistent," (4) there is no danger of prejudice to the Government, and (5) the request is made in good faith to ensure Defendant can

---

[1] The only issue currently before the Court is whether Defendant should be granted leave to file a motion for a bill of particulars. Thus, the issue of whether a bill of particulars should be ordered in this case is not ripe and the Court declines to rule on this issue at this time.

"prepare a defense to the government's theory of prosecution."  The Government opposes the Motion because a motion for a bill of particulars would be "profoundly out of time."

The deadline for pretrial motions in this case was September 1, 2023. However, Federal Rule of Criminal Procedure 45(b)(1)(B) allows courts to grant motions for leave to file after an expired deadline "if the party failed to act because of excusable neglect." "Excusable neglect is a 'somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant.' "[2] When determining what constitutes excusable neglect, the court considers all relevant circumstances including: "(1) the danger of prejudice to [the opposing party], (2) the length of delay and its potential impact on the proceedings, (3) the reason for delay, including whether it was within plaintiff's reasonable control and (4) whether plaintiff acted in good faith."[3]

Considering these factors, the Court concludes the reasons proffered by Defendant sufficient to show excusable neglect. First the Court finds that the Government is not prejudiced by the filing of a motion for a bill of particulars out of time. Additionally, any delay to this case would be short. Further, the Court finds Defendant acted in good faith when filing this motion. As a result, the Court finds that Defendant sufficiently showed excusable neglect. Therefore, the Court grants Defendant's Motion. Further, the Court orders that the Government has 14 days to respond to Defendant's Motion for a Bill of Particulars.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Leave to File Out of Time (Docs. 47, 48) is **GRANTED**.

---

[2] *United States v. Hall*, 2009 WL 10695563, at *1 (D. Kan. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

[3] *Id*. (citing *Pioneer Inv. Servs. Co.*, 507 U.S. at 395).

-2-

**IT IS FURTHER ORDERED** that the Government has 14 days to respond to Defendant's Motion for a Bill of Particulars.

**IT IS SO ORDERED.**

Dated this 25th day of October, 2023.

*Eric F. Melgren*

ERIC F. MELGREN
CHIEF U.S. DISTRICT JUDGE