IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES,

    *Plaintiff,*

vs.                                                          Case No. 23-CR-10010-EFM

MARKEECE ANDERSON,

    *Defendant.*

**MEMORANDUM AND ORDER**

Before the Court is Defendant Markeece Anderson's Motion for Bill of Particulars and to Require an Election or, in the Alternative, to Sever (Doc. 52). Within his Motion, Defendant makes several requests: (1) a Bill of Particulars should be ordered because the indictment is insufficient to adequately prepare a defense; (2) the Government must elect to proceed on a single count because Count 1 and Count 2 are multiplicitous as they accuse Defendant of "using exactly the same methods to traffic exactly the same person"; and (3) if the Court finds the counts are not multiplicitous then separate trials should be ordered to prevent unfair prejudice and unnecessary confusion. The Government opposes the Motion because Defendant was provided full discovery and the two counts are factually distinct due to an intervening circumstance.

First, Defendant asks the Court to order a bill of particulars. "The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense."[1] A bill of particulars is not necessary when full disclosure of discovery is given to a defendant before trial and the defendant fails to show prejudice.[2]

Here, the Government has fully provided discovery to Defendant and represents that it will limit itself to relying on the factual scenarios that it has disclosed in discovery to attempt to meet its burden at trial. Defendant fails to show that the Government's disclosure of discovery is lacking in information that the Government will use to pursue this case. As a result, the Court finds that Defendant fails to show prejudice. Therefore, the Court denies Defendant's Motion regarding the request for a bill of particulars.

Next, Defendant asks the Court to order the Government to choose between Count 1 or Count 2 because the two counts are multiplicitous. "Multiplicity refers to multiple counts of an indictment which cover the same criminal behavior."[3] However, multiple counts under the same statute are permissible if the offenses underlying each count are distinct from one another.[4]

In this case, the offenses underlying each count occur approximately 8 months apart, at separate locations, and with different advertising. Additionally, Defendant was arrested and released within the 8 months between the offenses. Therefore, the Court finds that the underlying offenses are distinct enough for the jury to convict on one count and acquit on the other, convict

---

[1] *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) (further citation and quotations omitted).

[2] *See United States v. Jenkins*, 313 F.3d 549, 558 (10th Cir. 2002); *United States v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992).

[3] *United States v. Johnson*, 130 F.3d 1420, 1424 (10th Cir. 1997).

[4] *United States v. Barrett*, 496 F.3d 1079, 1096 (10th Cir. 2007).

on both counts, or acquit on both counts. Thus, the Court denies Defendant's Motion pertaining to the request to require an election.

Because the Court finds the underlying offenses distinct enough for the jury to possibly convict or acquit each count independent of one another, Defendant's Motion as to separate trials is denied.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Bill of Particulars and to Require an Election or, in the Alternative, to Sever (Doc. 52) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 29th day of November, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE